UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEI PORTNOY, | No. 2:14-cv-0422 LKK CKD PS |
| Plaintiff, | |
| v. | ORDER AND |
| UNITED STATES OF AMERICA, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3 490 U.S. at 327.

4     In this action, plaintiff alleges claims arising out of the litigation of his spouse's
5 immigration status.  Plaintiff has repeatedly litigated the same claims in the federal courts since at
6 least 2001.  See Portnoy v. United States, 2:09-cv-1935 GEB DAD PS, ECF No. 15; Portnoy v.
7 United States, 2:11-cv-10-1680 FCD KJM PS, ECF No. 4;  Portnoy v. United States, 2:11-cv-
8 0264 GEB EFB PS, ECF No. 19.  As in the prior actions in which the courts found plaintiff's
9 claims are barred by res judicata, plaintiff's claims here are similarly barred.  Under the doctrine
10 of res judicata, "'[a] final judgment on the merits bars a subsequent action between the same
11 parties or their privies over the same cause of action.'"  The Fund for Animals, Inc. v. Lujan, 962
12 F.2d 1391, 1398 (9th Cir. 1992), quoting Davis & Cox v. Summa Corp., 751 F.2d 1507, 1518
13 (9th Cir. 1985).  The doctrine of res judicata consists of two concepts, issue preclusion, or
14 collateral estoppel, and claim preclusion.  Migra v. Warren City School District Board of
15 Education, 465 U.S. 75, 77 n.1 (1984).  "Issue preclusion refers to the effect of a judgment in
16 foreclosing relitigation of a matter that has been litigated and decided."  Id.  "Claim preclusion
17 bars the assertion of any theory of recovery that could have been asserted in the first action."
18 Fund for Animals, at 1398, citing Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988).
19 Collateral estoppel may be asserted by defendants to estop a plaintiff from asserting against them
20 a claim that the plaintiff previously asserted and lost against different defendants in a separate
21 action.  See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313,
22 322-27 (1971).  The claims raised in the instant action have previously been litigated adversely to
23 plaintiff in actions which proceeded to final judgment or are claims that could have been asserted
24 in the prior actions.  This action is therefore barred by res judicata and should be dismissed with
25 prejudice.

26     Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma
27 pauperis (ECF No. 2) is granted; and
28 /////

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 24, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 portnoy-usa0422.57